UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
07 DEC 31  AM 10:07
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No.: 07 MJ 3011 |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF: |
| Def 1) Richard Allen LINDSEY, | Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii) Transportation of Illegal Aliens |
| Def 2) Roberta Rosie CHAVEZ, Defendant(s) | |

The undersigned complainant, being duly sworn, states:

On or about **December 28, 2007**, within the Southern District of California, defendants **Richard Allen LINDSEY and Roberta Rosie CHAVEZ** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Adrian NAVARRO-Rosales, Laura CABALLERO-Perez,** and **A.L. A.-C.** a minor, had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **31ST** DAY OF **DECEMBER, 2007**

Cathy A. Bencivengo
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Richard Allen LINDSEY and Roberta Rosie CHAVEZ



## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

Furthermore, the complainant states that **Adrian NAVARRO-Rosales, Laura CABALLERO-Perez,** and **A.A.-C.**, a minor, are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On December 28, 2007, Border Patrol Agent G. Alvarez was assigned to traffic check at the Interstate 8 west-bound Check Point near Pine Valley, California. At approximately 9:20 A.M. Agent Alvarez was manning the primary inspection point when a gold Mercedez-Benz with two visible occupants and bearing California license plates slowly approached his position. The vehicle appeared to be weighed down in the rear. Agent Alvarez spoke with the driver, defendant Richard Allen LINDSEY, who appeared nervous and remained mute when queried about his citizenship. The defendant was referred to secondary inspection for further investigation and to query the passenger, defendant Roberta Rosie CHAVEZ, as to her citizenship.

At secondary inspection Agent R. Muro approached the defendants and identified himself as a Border Patrol Agent. Agent Muro queried the defendants as to their immigration status to which both indicated U.S. citizenship. Agent Muro requested consent to inspect the trunk to which defendant LINDSEY granted it. Upon opening the trunk Agent Muro observed three individuals including a six year old female lying down in the trunk in an attempt to avoid detection by Border Patrol Agents. Agent Muro queried the three in the trunk as to their immigration status. All admitted to be citizens and nationals of Mexico illegally present in the United States. Both defendants were arrested for alien smuggling and the three Mexican nationals were arrested for being present in the United States without inspection. All were transported to the Campo Border Patrol Station for processing.

## STATEMENT OF DEFENDANT ROBERTA ROSIE CHAVEZ:

The defendant was advised of her rights as per the Miranda Warning. The defendant understood her rights and agreed to be interviewed without representation. The defendant has known defendant LINDSEY for many years. They had been neighbors when her children were young and they had kept in touch. The defendant had spent the night, December 27, 2007, at LINDSEY's motor home which had been parked in National City in near Hoover Street. The defendant claims to be down on her luck. She is homeless and has been living out of her truck in the San Diego area. The defendant claims that LINDSEY knew she was hard pressed for money. LINDSEY offered her one hundred dollars to help him drive some undocumented aliens to an undisclosed location.

On the night of December 27, LINDSEY met someone outside his motor home and did not return until 7:00 A.M. At that time they drove a vehicle that someone had given LINDSEY for the purpose of smuggling undocumented aliens into the United States. They took an easterly route to Harris Road where they turned left and drove a short distance before turning left again into a driveway where an old trailer sat. LINDSEY backed the vehicle up to the trailer where he got out and opened the trunk. The defendant states that she could see someone in the mirror getting into the trunk. Lindsey closed the trunk and left the area heading eastbound. The defendant asked LINDSEY if they were going to go past the Border Patrol checkpoint and LINDSEY told her that they were going to go to Interstate 8 freeway and head back to an undisclosed location somewhere in San Diego.

**CONTINUATION OF COMPLAINT:**
Richard Allen LINDSEY and Roberta Rosie CHAVEZ

## MATERIAL WITNESSES STATEMENTS:

Material witnesses Adrian NAVARRO-Rosales and Laura CABALLEROS-Perez claimed to be Mexican nationals illegally present in the United States. Witness CABALLEROS is accompanied by her 6 year old daughter A.L.A.-C. Both material witnesses agree in summary to the following; They made arrangements with a person in Tijuana to be smuggled into the United States. They were each to pay $2800.00 US to be smuggled to Los Angeles, California where they intended to live and look for work. On December 26 they were transported by car from Tijuana to Flor de Castilla, just east of Tecate, California. They with 7 other people guided by two men with cell phones crossed underneath the border fence via a hole that had been dug out for people to cross through. They walked for about ten minutes before coming up to a road where a grey vehicle with two occupants was waiting for them. They got into the car and was taken to an area with a beat up old trailer and were told to wait there.

The next morning at around 8:00 A.M. a car was backed up to the trailer and the defendant LINDSEY was waiting there with the trunk open. The defendant said nothing to them. He simply pointed to the trunk in a gesture that they understood to mean get in. All three of them climbed into the trunk. They rode in the trunk for approximately 20 to 25 minutes before they reached the check point. They were both very afraid of being involved in an accident while lying in the trunk.

Both material witnesses identify the defendant LINDSEY in a photographic lineup as the man who motioned for them to get into the trunk. Witness CABALLERO identified defendant CHAVEZ as the woman who was riding in the passenger seat of the car.

Executed on December 30, 2007, at 9:10 A.M.

_____
Raul Castorena
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 2 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **December 28, 2007**, in violation of Title 8, United States Code, Section 1324.

_____          12/30/07 @ 9:45 am
Cathy A. Bencivengo                 Date/Time
United States Magistrate Judge